# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **MARCELLA LEWIS** | **CIVIL ACTION NO. 05-1798-M** |
| VS. | SECTION P |
| **JOHNNIE JONES, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Marcella Lewis on or about October 6, 2005. Lewis is an inmate in the custody of the Louisiana Department of Public Safety and Corrections; she is incarcerated at the Louisiana Correctional Institute for Women, St. Gabriel, Louisiana where she is serving a thirty-five year hard labor sentence imposed following her 1994 armed robbery conviction in Louisiana's Third Judicial District Court, Union Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, along with the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On some unspecified date prior to June 8, 1994, petitioner was found guilty as charged of armed robbery. [Doc. 1-1, p. 1] On June 8, 1994, she was sentenced to serve thirty-five years without benefit of probation, parole, or suspension of sentence. On the same date her court-

appointed attorney made an oral motion to reconsider sentence which was denied. His motion for appeal was granted. [Exhibits, sentencing transcript, *State v. Lewis*, No. 33,005, pp. 1-6a[1]]

2. Petitioner appealed her conviction and sentence to Louisiana's Second Circuit Court of Appeals. Petitioner raised two assignments of error: (a) that the trial court's additional charge to the jury after it retired to deliberate was contrary to law, and, (b) that the sentence was excessive. Petitioner abandoned the first assignment and argued only the excessiveness of sentence claim. On August 23, 1995, petitioner's conviction and sentence were affirmed. *State of Louisiana v. Marcel Lewis*, No. 27,1148-KA (La. App. 2d Cir. 8/23/1995), 659 So.2d 858 (unpublished) [Exhibits, Slip Opinion, pp. 7-11] Petitioner did not seek further direct review in the Louisiana Supreme Court.[2]

3. On March 5, 1998,[3] petitioner, through counsel, filed an Application for Post-Conviction Relief in the Third Judicial District Court. Petitioner therein argued the following grounds for relief: (a) ineffective assistance of trial and appellate counsel; (b) insufficiency of evidence; and (c) excessiveness of sentence. [Doc. 1-1, p. 2, paragraph 11; Exhibits, "Memorandum in Support of Petition for Post-Conviction Relief," pp. 12-24]

---

[1] Petitioner's exhibits were not otherwise identified; for the purposes of this report, the undersigned has numbered sequentially the pages of documents submitted by the petitioner as exhibits in support of her application.

[2] A review of the presumptively reliable published jurisprudence of the State of Louisiana shows no Supreme Court judgments referencing the docket number of the direct appeal lodged in the Second Circuit Court of Appeals.

[3] The Memorandum submitted as an exhibit is undated; however in a subsequent exhibit, petitioner's writ application seeking review of the denial of the petition for post-conviction relief, petitioner averred that the petition had been filed on March 5, 1998. [Exhibit, p. 26]

The petition was denied on July 2, 1999.[4] On some unspecified date in 1999 she filed an "Application for Writ of *Certiorari*/Writ of Review to Review the District Court's Denial of Petitioner's Application for Post-Conviction Relief." [Exhibits, pp. 25-34] The Second Circuit apparently denied relief on some otherwise unspecified date and petitioner did not seek further review in the Louisiana Supreme Court. [Doc. 1-1, paragraph 11(e)] Nevertheless, on November 13, 2000, petitioner filed a *pro se* Petition for Writ of *Certiorari* in the United States Supreme Court. [Exhibits, 35-55] Petitioner does not specify the results of that filing.

4. On June 28, 2004, petitioner filed a second Application for Post-Conviction Relief in the Third Judicial District Court. The pleading was styled "Writ of Certiorari to Review Illegal Sentence." [Exhibits 56-60] On August 20, 2004, the trial court denied relief. [Exhibit, p. 66] On September 1, 2004, she filed an application for supervisory writs in the Second Circuit Court of Appeals. On September 30, 2004, the Second Circuit denied relief finding that the trial court erred in its denial of petitioner's application, but, that the application should be denied as repetitive under the provisions of La. C.Cr.P. art. 930.4(A). See *State v. Marcel Lewis*, 39425-KH (La. App. 2d Cir. 9/30/2004), Exhibit, pp. 74-76]

5. On some unspecified date she sought further review in the Louisiana Supreme Court. On August 19, 2005, her application was denied as untimely and because under Louisiana law, sentencing error cannot be complained of in a post-conviction application.[5] *State ex rel. Marcel*

---

[4] Petitioner did not provide a copy of the judgment in question, however, in her subsequent writ application to the Second Circuit Court of Appeals, she alleged that her petition had been denied on July 2, 1999. [Exhibit, p. 26]

[5] The Supreme Court cited La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189 in support of its untimeliness finding and La. C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172 in support of its

3

*Lewis v. State of Louisiana*, 2004-2775 (La. 8/19/2005), 908 So.2d 669. See also Supreme Court writ denial order, Exhibit, p. 77]

6. Petitioner signed her federal *habeas corpus* petition on October 2, 2005; her memorandum in support of the petition was signed on October 6, 2005. For limitations purposes, this latter date is the earliest date that the petition could be said to have been filed.[6]

## LAW AND ANALYSIS

1. Section 2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[7]

---

finding that the petition raised claims not cognizable on post-conviction relief.

[6] The "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The latest date that petitioner signed pleadings is presumptively the day she presented her pleadings to the authorities.

[7] Petitioner's pleadings suggest that she relies upon the provisions of §2244(d)(1)(C) which reckons the limitations period from "...the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." A discussion of limitations calculated in accordance with this provision follows.

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at §2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Ms. Lewis, whose convictions were final[8] prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores*, supra.

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during

---

[8] Petitioner's conviction and sentence were affirmed on August 23, 1995. She did not seek further direct review, and so her conviction became final for AEDPA purposes on or about September 23, 1995, when the thirty day period for seeking further review in the Louisiana Supreme Court lapsed. See Louisiana Supreme Court Rule X §5; see also See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

As noted above, petitioner's judgment of conviction and sentence became final in late August, 1995. Since her conviction became final prior to the April, 1996 effective date of the AEDPA, petitioner must be afforded the one-year grace period. Therefore, petitioner had until April, 1997 within which to file her federal *habeas corpus* petition. Petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) because she did not file her first Application for Post-Conviction Relief until March 5, 1998, [Exhibit, p. 26] and by that time the AEDPA grace period had already expired and could not be revived by the filing of an otherwise timely state post-conviction proceeding.

Her federal petition is thus clearly time barred if the period of reckoning set forth in §2244(d)(1)(A) is applied.

## 2. Section 2244(d)(1)(C)

Petitioner claims that the "...one (1) year limitation period commenced to run on June 24, 2004, after the [United States] Supreme Court's ruling in *Blakely v. Washington*..." [Doc. 1-3, p. 5] In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Blakely* does not apply to petitioner's case because her sentence was not increased beyond the statutory maximum.

Further, even if the rule of law set forth in *Blakely* does apply to petitioner's sentence, she

cannot rely upon that decision to trigger the timeliness provision of §2244(d)(1)(C) because the rule of law announced in *Blakely* has not been "...made retroactively applicable to cases on collateral review..." *In re Elwood*, 408 F.3d 211 (5th Cir. 2005); see also *Schriro v. Summerlin*, --- U.S. ----, ----, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review).

### 3. Equitable Tolling

Finally, petitioner may not rely upon equitable tolling because her pleadings fail to present any of those "rare and exceptional circumstances" which warrant the application of the equitable tolling doctrine. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). A "'garden variety claim of excusable neglect'" does not support equitable tolling. *Id.*

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year

7

limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 15th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE